UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                   2:00-cr-82-FtM-29DNF

AHMAD HAYWARD
_____

**OPINION AND ORDER**

     This matter comes before the Court on a Second Superceding Petition for Offender Under Supervised Release (Doc. #535). The Court heard testimony on June 8, June 16, July 1, and August 28, 2009. The Second Superceding Petition sets forth six alleged violations by defendant of his supervised release. These are resolved as follows:

    1. Ground 6 was not pursued by the government at the preliminary examination. Therefore, Ground 6 is **DISMISSED**.

    2. As to Ground 5, both defendant and his girlfriend testified that while defendant did hit her in the head with his had, this was accidental. Given the lack of any other evidence, the Court finds that the United States has not sustained its burden of showing defendant committed an aggravated battery. Therefore, Ground 5 is **DISMISSED**.

    3. Grounds 1 through 4 relate to events which transpired on February 13, 2009. The evidence convinces the Court beyond any doubt that on that date defendant was driving the Acura Legend registered to his girlfriend. Defendant drove at least from a window tinting business establishment to Fort Myers Beach, Florida.

The Court credits the testimony of Patrick Towns, John Edge, and Officer Ryan Lowe that defendant was the driver of the vehicle, and finds defendant's testimony to the contrary not credible. Since defendant did not have a valid driver's license, the Court finds that the United States has established that defendant is **GUILTY** of the violation in Ground 1.

After weighing the conflicting testimony, the Court makes credibility judgments consistent with the facts set forth below. The Court finds that the United States has established the following by at least a preponderance of the evidence: On February 13, 2009, defendant "fronted" John Edge heroin in exchange for a promised $800. Edge was later arrested with that heroin, and identified his source of supply by giving defendant's phone number to the officers. Under police supervision, Edge called defendant, saying he needed more heroin and had defendant's money for the first amount. Defendant agreed to meet Edge at the beach. Patrick Towns rode with defendant to the beach, not knowing the details but being aware defendant was suppose to get some money for drugs. At the beach, as they were waiting for Edge to bring the money, they were approached by law enforcement officers. Before the officers got to the vehicle, Towns saw defendant put what was later determined to be 7.8 net grams of heroin into the back seat headliner of the car. The officers searched the car, but could not find anything, and took defendant and Towns to the police substation. Towns eventually told the officers what he had seen,

and the officers retrieved the heroin from the headliner. The Court finds that the United States has established that defendant is **GUILTY** of the violation in Ground 2 to the extent that defendant knowingly possessed approximately 7.8 net grams of heroin with intent to distribute it.

The government did not present any recorded telephone conversations, although there was some testimony of some such conversations. Additionally, the evidence does not establish that defendant solicited Edge or conspired with him; the evidence establishes a buyer-seller relationship for the first sale on February 13, and no conspiracy thereafter since Edge was working with law enforcement. Accordingly, the Court finds that the United States has not established defendant's guilt as to Grounds 3 or 4, and these grounds are **DISMISSED**.

Accordingly, it is now

**ORDERED:**

1. Defendant is adjudicated **GUILTY** of Grounds 1 and 2; Grounds 3, 4, 5, and 6 are **DISMISSED**.

2. Sentencing as to the violations set forth in Grounds 1 and 2 is scheduled for **SEPTEMBER 16, 2009** at **9:00 A.M.,** before the undersigned.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of September, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
DCCD